**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4262**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

HUBERT DWAYNE MESSER,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:13-cr-00196-1)

———————

Submitted:  May 25, 2016          Decided:  July 25, 2016

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy J. LaFon, CICCARELLO, DEL GIUDICE & LAFON, Charleston, West Virginia, for Appellant. Joshua Clarke Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hubert Dwayne Messer pled guilty, pursuant to a plea agreement, to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2012), and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2).  The district court sentenced Messer to 60 months' imprisonment, and he now appeals.  Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in applying sentencing enhancements for possession of a dangerous weapon pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015) and maintaining a premises for the purpose of distributing illegal drugs pursuant to USSG § 2D1.1(b)(12).  Messer filed a pro se brief arguing that plea counsel was ineffective for failing to challenge the factual basis of the guilty plea.  We affirm.

"In considering a sentencing court's application of the guidelines, we review legal conclusions de novo, and factual findings for clear error."  United States v. White, 771 F.3d 225, 235 (4th Cir. 2014) (internal alteration and quotation marks omitted), cert. denied, 135 S. Ct. 1573 (2015).  "Applying a clear error standard, we 'will not reverse a lower court's finding of fact simply because we would have decided the case differently.'"  United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)).  "[W]e

can find clear error only if, 'on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting Easley, 532 U.S. at 242) (internal brackets omitted).

For convictions involving the trafficking of controlled substances, a two-level enhancement is warranted when an individual possessed a firearm. USSG § 2D1.1(b)(1). This enhancement applies "if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). Although the burden initially falls on the Government to establish possession of a weapon in connection with drug trafficking, once it has done so, the burden shifts to the defendant to establish that a connection between possession of the firearm and the trafficking offense is clearly improbable. Manigan, 592 F.3d at 630 n.8. "In assessing whether a defendant possessed a firearm in connection with relevant drug activity, a sentencing court is entitled to consider several pertinent factors," such as "the type of firearm involved," "the location or proximity of a seized firearm," and "the settled connection between firearms and drug activities." Id. at 629.

We conclude that the district court did not clearly err in determining that the firearms were possessed in connection with Messer's drug trafficking. Messer stipulated that he stored at least two stolen handguns in his barn; we have repeatedly

recognized that handguns are "a tool of the drug trade," and "a drug trafficker is much more likely to utilize a handgun" than a long gun in his trafficking activities.  Id.  Furthermore, both the firearms and the drugs that Messer trafficked were stored in the same barn and in close proximity to each other, supporting the inference that the firearms were possessed in connection to that trafficking.  See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (noting that we have previously "approved an enhancement when the guns and drugs were located in the same home").

Turning to Messer's next argument, a two-level enhancement is warranted under § 2D1.1(b)(12) when an individual "knowingly maintains a premises (i.e. a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution."  USSG § 2D1.1 cmt. n.17.  The commentary to this enhancement clarifies that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises."  Id.

It is undisputed that Messer maintained his barn; the only dispute is whether one of the barn's primary purposes was drug trafficking.  Messer argues that because the barn was primarily used for the legitimate purpose of housing horses, its primary purpose could not be drug trafficking.  We disagree.  The evidence

4

establishes that Messer stored drugs, proceeds from drug trafficking, and firearms derived from drug trafficking in the barn, and at least sometimes conducted his drug transactions in the barn. This evidence is sufficient to establish that the premises were primarily used for drug trafficking. See United States v. Bell, 766 F.3d 634, 638 (6th Cir. 2014) ("Drug storage on the property and transactions on the property will usually suffice [to establish primary use.]").

Furthermore, although the barn was frequently used to house and care for horses, a premises can have more than one primary purpose. See United States v. Sanchez, 710 F.3d 724, 729 (7th Cir.) (noting that "the enhancement clearly contemplates that premises can have more than one principal use. . . . [T]he proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use"), rev'd on other grounds, 134 S. Ct. 146 (2013); United States v. Miller, 698 F.3d 699, 707 (8th Cir. 2012) (holding enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question").

Turning to Messer's pro se filing, his claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). To

succeed on a claim of ineffective assistance of counsel, Messer must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The record does not establish ineffective assistance of counsel. Therefore, Messer's claim is not cognizable on direct appeal and it should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.

Messer has also filed a pro se "motion for consideration/or to remand for resentencing based on Amendment 782 and the Supreme Court ruling in Johnson v. United States, 135 S. Ct. 2551 (2015)." Because neither Amendment 782 nor the Supreme Court's ruling in Johnson affords Messer relief, we deny his motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Messer's convictions and sentence. This court requires that counsel inform Messer, in writing, of the right to petition the Supreme Court of the United States for further review. If Messer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Messer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>